UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY STONE and BETHANN STONE, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL NO. 1:13-CV-32 |
| | : | |
| | : | |
| FRANKLIN HOMEOWNERS ASSURANCE, | : | |
| Defendant | : | |

*M E M O R A N D U M*

I.        *Introduction*

The Harrisburg home of Corey and Bethann Stone sustained substantial flood damage on September 8, 2011 when water levels rose throughout the city in the wake of Tropical Storm Lee. After the water receded, the Stones made a claim for damages under the terms of the Standard Flood Insurance Policy issued by Franklin Homeowners Assurance Company ("Franklin"), a participant in the National Flood Insurance Program. Franklin paid only a portion of the claimed amount, and the Stones initiated this lawsuit to recover the difference.

Presently before the court is Franklin's motion (Doc. 19) seeking summary judgment on the grounds that this suit is procedurally barred due to the Stones' failure to comply with the terms of the insurance policy. Alternatively, Franklin asserts that its partial denial of the claim was proper. Because we agree with Franklin's first argument, we will grant summary judgment without addressing the latter.

II.      *Background*

       *A.      National Flood Insurance Program*

       By passing the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, Congress created a comprehensive, federally-run system of flood insurance known as the National Flood Insurance Program. *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). This program is underwritten by the United States Treasury and is administered by the Federal Emergency Management Agency ("FEMA") and the Federal Insurance Mitigation Administration. *Id.* (citations omitted). Individuals may obtain coverage by purchasing a Standard Flood Insurance Policy ("SFIP") either directly from FEMA or through a private insurer acting as a fiscal agent of the United States. *Id.*

       A policy holder must satisfy a number of provisions of the SFIP before any claim is paid. Compliance with these provisions is strictly enforced because any payment on a claim amounts to a direct charge on the United States Treasury. *Id.* at 809. Notably, the SFIP requires an insured to file a "proof of loss" within 60 days of any claimed flood loss. The SFIP also imposes a one-year statute of limitations on lawsuits stemming from the handling or denial of claims.

B.      *Factual and Procedural History*[1]

On September 8, 2011, the Stones' Green Street residence in Harrisburg was damaged by flood waters. (Doc. 20 at ¶ 9). At the time of the flood, the property was protected by a flood insurance policy: the SFIP issued by Franklin with a coverage limit of $177,100.00. (Doc. 19 at ¶ 4). Soon thereafter, the Stones made a claim for damages under the SFIP and Franklin began the claim adjustment process.

On October 18, 2011, Mr. Stone executed two "proofs of loss," which are documents required to substantiate a claim under the SFIP. By submitting these documents, the Stones formally requested payment in the amount of $32,969.90. (Doc. 20 at ¶ 11; Doc. 19-6).[2] In response to their formal request, the Stones received: (1) a letter from Franklin dated October 31, 2011 informing them that Franklin had approved the majority of their claim; and (2) a check in the amount of $32,142.43. The letter also informed the Stones that their claim was denied to the extent it sought reimbursement in

---

[1] Franklin's motion for summary judgment is properly supported by a statement of material facts (Doc. 20) that cites to evidence of record–namely, deposition transcripts and various insurance documents–to establish the facts of this case. While the Stones disagree with some of Franklin's factual contentions, they have failed to identify any record evidence supporting their contrary assertions. Because of this failure, the court will deem Franklin's facts to be undisputed. *See* Fed. R. Civ. P. 56(e)(2) (permitting the court to treat facts as undisputed where a party has failed to properly address another party's assertions of fact); *JPMorgan Chase Bank, N.A. v. Keyser*, No. 1:12-CV-348, 2013 U.S. Dist. LEXIS 148327, *5-7 (M.D. Pa. Oct. 15, 2013) (deeming admitted all material facts set forth in the movant's statement of facts where, as here, the nonmovant failed to identify record evidence to controvert those facts).

[2] The initial proof of loss requested $29,594.93 and the second requested an additional $3,374.97, for a total of $32,969.90.

the amount of $827.56 for the replacement of basement light fixtures, which Franklin concluded were not covered under the terms of the SFIP. (Doc. 20 at ¶¶ 12-13; Doc. 19-7).

Sometime after receiving the letter from Franklin, the Stones sought additional payment of $24,599.79 for alleged flood damage to their home's heating system and an unspecified amount for damage to the home's foundation. (Doc. 24-3). The Stones never submitted the proof of loss necessary to substantiate this claim.[3] By letter dated February 24, 2012, Franklin denied the Stones' claim for reimbursement of foundation repair costs on the grounds that the damage was not caused by the flood and not covered under the SFIP. (Doc. 20 at ¶ 15; Doc. 19-11). By letter dated August 21, 2012, Franklin also denied the Stones' claim related to heating system repair as not covered under the SFIP. (Doc. 20 at ¶ 16; Doc. 19-12).

On December 20, 2012, the Stones filed suit against Franklin in the Court of Common Pleas of Dauphin County to recover the amounts allegedly owed under the SFIP for damage to the foundation and heating system. Franklin timely removed the case to this court and now seeks summary judgment. The matter has been fully briefed (Docs. 19-24, 27), and it is ripe for disposition.

---

[3] The Stones have not produced a proof of loss related to the foundation or heating system damage, nor do they contend that one was ever executed. In response to the pending motion for summary judgment, the Stones argue that their claim was still sufficiently "documented," and attach a letter from their counsel to Franklin requesting payment and an invoice for foundation repair. (Docs. 24-2 and 24-3). As discussed *infra*, Part IV, this documentation does not satisfy the proof of loss requirement.

*III.*        *Standard of Review*

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 667 F.3d 408, 412 (3d Cir. 2012) (citing *Anderson*, 477 U.S. at 248).

*IV.*        *Discussion*

To receive payment under the SFIP or contest the denial of a claim, an insured must first satisfy a number of procedural requirements. These requirements are strictly enforced, and failure to comply will result in the claim being procedurally barred. *See Suopys*, 404 F.3d at 809. Here, Franklin asserts that the Stones' claim is barred in light of their undisputed failure to either: (1) comply with the "proof of loss" requirement; or (2) initiate this action within the applicable statute of limitations. We agree on both fronts and will grant summary judgment in Franklin's favor.

*A.*        *Proof of Loss*

The SFIP "clearly and unambiguously requires" that a "proof of loss" be submitted by the insured within 60 days of a claimed flood loss. *Suopys*, 404 F.3d at

5

810.[4] As defined by the SFIP, a "proof of loss" is an insured's "statement of the amount you are claiming under the policy," that is "signed and sworn to by you." (Doc. 1-1 at 20). The proof of loss must also "furnish [the insurer]" with information on a variety of topics, including: the date and time of the loss; how the loss occurred; the insured's interest in the property; specifications of damaged buildings; and detailed repair estimates. (*Id.*).

Strict adherence to the proof of loss requirement is a prerequisite to recovery under the SFIP. *Suopys*, 404 F.3d at 810 (collecting cases). Thus, "[w]here an insured plaintiff has failed to strictly comply with SFIP provisions regarding proof of loss, summary judgment is appropriate in favor of a defendant-insurance company." *Rudi v. State Farm Fire & Cas. Co.*, No. 2:11-cv-04362-WY, 2013 U.S. Dist. LEXIS 168618, *11 (E.D. Pa. Nov. 27, 2013); *see also Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 253, 529-30 (D.N.J. 2000) (granting summary judgment for defendant insurer where plaintiff, as here, failed to submit a sworn proof of loss for flood damage to the insured property in excess of the amount for which they had already been compensated).

In this case, it is undisputed that the Stones' never submitted a signed proof of loss in support of their claim for compensation related to damage to their home's foundation or heating system. The documents they did provide relating to this claim–a letter from their attorney and an invoice from a contractor–do not satisfy the proof of loss

---

[4] FEMA extended this deadline to 165 days for claims–like the Stones'–resulting from flood damage occurring in New York and Pennsylvania between September 5, 2011 and September 22, 2011. (Doc. 19-13).

requirement because they are not signed or sworn to by the Stones, nor do they include the other information necessary under the SFIP. Accordingly, the Stones may not recover under the SFIP for damage to their home's foundation or heating system, and Franklin is entitled to summary judgment.

B.      *Statute of Limitations*

Apart from their failure to comply with the proof of loss requirement, the Stones' suit must also be dismissed as untimely due to their failure to comply with the applicable one-year statute of limitations.

The SFIP provides that if an insured seeks to sue to recover money under the policy, the insured "*must* start the suit within 1 year after the date of the written denial of all or part of the claim, and [the insured] *must* file the suit in the United States District Court of the district in which the insured property was located at the time of the loss." (Doc. 1-1 at 21) (emphasis added). This statute of limitations is included in the language of the SFIP itself, and it is also codified in the United States Code. *See* 42 U.S.C. § 4072 (providing that "within one year after the date of mailing of notice of disallowance or partial disallowance . . ., [the claimant] may institute an action against the Administrator on such claim *in the United States district court* for the district in which the insured property or the major part thereof shall have been situated") (emphasis added).

Here, it is undisputed that the Stones failed to file suit in the United States District Court for the district where their home is located–the Middled District of Pennsylvania–within one year of Franklin's partial denial of their claim. For starters, the

Stones never filed suit in *federal court*, as required by the express terms of the SFIP and 42 U.S.C. § 4072. Instead, they filed suit in the Court of Common Pleas of Dauphin County, and it was ultimately removed here by Franklin.

Second, even if we ignored the Stones' failure to file suit in the appropriate court, they still failed to file suit within the prescribed one-year period. The Stones filed their state court complaint on December 20, 2012, which was more than one year after Franklin's October 31, 2011 letter partially denying their claim.

Accordingly, Franklin is entitled to summary judgment in light of the Stones' failure to satisfy the statute of limitations. *See Lionheart Holding Grp. v. Phila Contributionship Ins Co*, 368 F. App'x 282, 285 (3d Cir. 2010) (affirming district court's summary judgment holding that insured's suit was barred by the one-year statute of limitations).

V.	*Conclusion*

The Stones failed to either comply with the SFIP's proof of loss requirement or challenge Franklin's denial of their claim within the applicable statute of limitations. Each failure is fatal to the Stones' claim; thus, we will grant Franklin's motion for summary judgment. We will issue an appropriate order closing this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

8